J. JONES, J.,
concurring in part and dissenting in part.
While I concur in Part IB of the Court’s analysis pertaining to attorney fees for the declaratory judgment claim and Part II dealing with fees on appeal, I dissent with regard to the Court’s holding in Part IA of the analysis relating to attorney fees for the judicial dissolution claim. My view is that the award of fees to Roger and Lisa was appropriate under the attorney fee provision (Article XIV(G)) of the Operating Agreement (Agreement).
Article XIV(G) provides for the recovery of reasonable attorney fees by the successful party in any action or proceeding either (1) brought to enforce any provision of the Agreement or (2) where any provision of the Agreement is validly asserted as a defense. Although the district court placed more emphasis on the former ground, its decision on attorney fees did not ignore the latter ground. In reciting the position of Roger and Lisa with regard to their fee claim, the court first noted their request for fees under Idaho Code sections 12-120 and 12-121 and then noted, “[alternatively, they contend that the Operating Agreement expressly provides for recovery of attorney fees in any action brought to enforce a provision of the agreement or where the agreement provides a successful defense to an action.” (emphasis added) Thus, the district court recognized *644 that Roger and Lisa were seeking fees under both grounds provided for in the attorney fee provision. The court went on to conclude that fees were appropriate because “Ralph sought to enforce a variety of Operating Agreement provisions, for the purpose of obtaining dissolution of the business entity, and he was unsuccessful in that pursuit.” The fee award can be supported under either or both of the Article XIV(G) grounds.
In order to comprehend what the district judge was saying in his order granting attorney fees, one needs to refer to the memorandum decision wherein the judge made his determination that Ralph had failed to prevail on his dissolution claim. Ralph’s dissolution complaint alleged that Roger and Lisa had violated a number of the provisions of the Agreement; that such acts were illegal, oppressive or fraudulent; and that the LLC had thereby suffered or would suffer irreparable injury. The claim alleged was in keeping with Idaho Code section 53 — 643(l)(b), which allows a district court to decree dissolution of a limited liability company “when it is established ... [t]hat the acts of the managers or members in control of the limited liability company are illegal, oppressive or fraudulent and that irreparable injury to the limited liability company is being suffered or is threatened by reason thereof.” However, at trial, rather than putting on proof to establish the statutory grounds for obtaining dissolution, Ralph utilized a shortcut under the Agreement. Article XIV(B) of the Agreement provides in pertinent part, “The parties to this Agreement agree that irreparable damage would occur if any of the provisions of this Agreement were not performed in accordance with its specific terms or were otherwise breached.” Ralph hinged his case on this provision, asserting that “irreparable injury,” as used in the statute, was synonymous with “irreparable damage,” as provided in this provision. He sought to establish his case by showing that Roger and Lisa had breached various provisions of the Agreement, which under the language of this provision, would seem to automatically establish irreparable damage to the limited liability company.
The district court was initially swayed by this argument and, as a result, at the conclusion of Ralph’s trial presentation the court denied Roger and Lisa’s motion for involuntary dismissal. According to the court:
At that time, the Court ruled that there was sufficient evidence to establish the prima facie elements of Ralph’s claim and to rule in Ralph’s favor, based on the evidence presented by the close of [Ralph’s] case. However, after having heard the evidence presented in [Roger and Lisa’s] case and having considered all the evidence with an opportunity for analysis, review and in full context, the Court has concluded that Ralph has not met his burden of proving a right to judicial dissolution by a preponderance of the evidence. At trial, and in argument both before and during trial, Ralph’s counsel presented evidence intended to show that there had been violations of the operating agreement and that such violations were — under the specific language of Article XIV(b) of the Agreement — actions causing or threatening irreparable injury to the Company.
The court went on to find that Roger and Lisa had indeed committed violations of the Agreement, but determined that such violations did not cause or threaten to cause irreparable damage to the LLC. Rather, the court found that some of the violations of the Agreement had results that were more beneficial than detrimental to the company. The court again focused on the language of Article XIV(B), which Ralph had relied upon in his attempt to obtain dissolution, and concluded that the contractual term “irreparable damage” did not have the same meaning as the statutory term “irreparable injury .” The court stated:
As a matter of law, the Court concludes that the terms “irreparable damage” under Article XIV(b) and “irreparable injury” under I.C. § 53-643 are not synonymous. Accordingly, any actions alleged by Ralph to evidence alleged deadlock or illegal, oppressive or fraudulent actions must be supported by proof independent of the language of Article XIV(b) as to whether or not they have caused or threaten to cause irreparable injury. For the reasons set *645 out in this Decision the Court rules that actions have not caused and do not threaten irreparable injury, (emphasis in original).
In sum, Ralph sought to obtain dissolution, not by attempting to show that Roger and Lisa had caused or threatened to cause irreparable injury to the limited liability company by reason of engaging in illegal, oppressive or fraudulent actions but, rather, by invoking a specific provision of the Operating Agreement in an attempt to show that they had caused irreparable damage to the company simply by failing to observe several provisions of the Agreement. Thus, Ralph invoked and asserted Article XIV(B) in hopes of establishing his dissolution claim by employing a reduced evidentiary showing. He was unsuccessful in doing so. He has not appealed the district court’s ruling on this critical issue and, therefore, this Court has no basis to review it. Under Article XIV(G), Ralph is liable for attorney fees to the successful party in the litigation — Roger and Lisa — because he invoked “any provision” of the Agreement in his attempt to secure dissolution. Although he did not directly seek to enforce the provision in question, he relied upon it, rather than the statutory standard of proof, in an attempt to obtain dissolution. That is, he sought to obtain statutory dissolution by enforcing his interpretation of a provision (Article XIV(B)) of the Agreement, rather than by relying upon the statutory language. Article XIV(B) is “any provision” of the Agreement within the meaning of Article XIV(G).
Looking at the other side of the same coin, Roger and Lisa were successful in their defensive effort to establish to the district court’s satisfaction that they had not damaged the company within the meaning of Article XIV(B). The court validated then-interpretation of this provision in light of the evidence they presented and, therefore, they validly and successfully asserted their reading of Article XIV(B). Again, Ralph has not challenged the district court’s findings of fact, conclusions of law or decision on the merits of the dissolution claim and thus we will not disturb them on appeal. It is true that the district court did not mention the words “validly asserted” in its order regarding attorney fees, but all concerned were aware that this was the ground upon which Roger and Lisa successfully defended against the dissolution claim.[2] The district court’s award of fees to Roger and Lisa on the dissolution claim is amply supported by the record, either under the first ground of the fee provision or under the second.
I would hold that the district judge did not abuse his discretion in awarding fees to Roger and Lisa for their successful defense of Ralph’s judicial dissolution claim and affirm the fee award made with regard to that claim.
Justice BURDICK concurs.

. Even if the district court was required to specifically state that the fee award was based upon the valid assertion ground, the Court can apply the "right result, wrong reason,” analysis we have often employed in such circumstances. See Boise Tower Assoc., LLC. v. Hogland, 147 Idaho 774, 782, 215 P.3d 494, 502 (2009) ("Where the lower court reaches the correct result by an erroneous theory, this Court will affirm the order on the correct theory.").